JOHN S. MOREMAN, plaintiff in error, *vs.* JOHN NEAL, defendant in error.

(JACKSON, Judge, having been of counsel in this case, did not preside.)

In January, 1858, plaintiff obtained judgment against defendant and the execution issued thereon, was levied on December 1st, 1868.   Defendant in *fi. fa.* owned the property levied on until September, 1863, when he sold to a third person who took possession and so remained until 1866, when he sold to claimant who has since been in possession.   On June 1st, 1869, claimant filed an affidavit of illegality to the aforesaid levy, availing himself of the provisions of the relief act of 1868.   What became of this affidavit, the record fails to disclose.   On December 6th, 1873, he filed his claim.

*Held,* that the property was subject.

Statute of limitations.  Judgments.  Before Judge WRIGHT. Dougherty Superior Court.   April Term, 1875.

Reported in the decision.

VASON & DAVIS ; R. F. LYON, for plaintiff in error.

L. P. D. WARREN, for defendant.

WARNER, Chief Justice.

This was a claim case which was submitted to the judgment of the court without the intervention of a jury, upon the following agreed statement of facts, as appears from the record. In January, 1858, the plaintiff obtained a judgment against

the defendant, Durham, on which an execution issued, and was levied on the 1st of December, 1868, upon two city lots in the city of Albany, as the property of the defendant, Durham, whereon John S. Moreman then lived. On the 1st of June, 1869, Moreman, the present claimant, interposed an affidavit under the relief act in which he alleged several reasons why the property should not be sold as the property of Durham. What disposition was made of that affidavit, the record does not disclose, but on the 6th of. December; 1873, Moreman interposed his claim to the property. It also appears that Durham, the defendant in *fi. fa.*, owned the property until September, 1863, when he sold it to Drinkwater, who sold it to Moreman, the claimant, in 1866; that Drinkwater took possession at the time of his purchase and remained in possession until he sold to Moreman, who then went into possession, and remained in possession up to the time of trial. The court decided that under the law and facts of the case, the property was subject to the plaintiff's execution; whereupon the claimant excepted.

We find no error in the judgment of the court on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.